UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEDEEP MANHAS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>TODD BLANCHE et al.,<br><br>　　　　Respondents. | No.  1:26-cv-03913-DAD-CSK (HC)<br><br><br>ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On May 21, 2026, petitioner Rosedeep Manhas, A-File No. 220-406-119, proceeding through counsel, filed a petition for writ of *habeas corpus* challenging his detention by Immigration and Customs Enforcement and a motion for temporary restraining order seeking his immediate release from custody.  (Doc. Nos. 1, 2.)  On the same day, the court issued an order setting a briefing schedule on the pending motion which directed respondents to indicate whether this case is substantively distinguishable from the circumstances addressed in several cited prior orders of the undersigned.  (Doc. No. 5.)  In that same order, the court informed the parties that if it determined that petitioner was entitled to the relief sought in the motion, then it would rule directly on the merits of the underlying petition.  (*Id.*)  The court further directed respondents to indicate whether they oppose the court taking such action.  (*Id.*)

/////

1

On May 22, 2026, respondents filed an opposition to the pending motion. (Doc. No. 7.) Therein, respondents argue that if the court concludes that petitioner is not subject to mandatory detention pursuant to 8 U.S.C. § 1225(b), then it should find that petitioner is detained pursuant to 8 U.S.C. § 1226(a) and the appropriate remedy is to order a bond hearing because petitioner was not previously detained and released from immigration custody, but was instead lawfully admitted to the United States on a visa and stayed in the country after that visa expired. (*Id.* at 1–5.) Respondents state no opposition to the court ruling directly on the merits of the petition based on the briefing presently before it.

Petitioner was lawfully admitted to the United States on a C-1 crewman visa with authorization to remain in this country until April 12, 2021. (Doc. Nos. 1 at ¶ 37; 1-2 at 1.) He continued to reside in the United States past the visa authorization date. (Doc. No. 1 at ¶ 3.) Petitioner filed an application for asylum in June 2021. (Doc. No. 1-3.) Petitioner was arrested by immigration officials on or about April 29, 2026, over five years after his visa expired. (Doc. No. 1 at ¶ 5.)

The court finds persuasive the analysis set forth in its prior order *Kalkan v. Chestnut*, No. 1:26-cv-02028-DAD-EFB, 2026 WL 788112, at *1 (E.D. Cal. Mar. 20, 2026) where the court concluded that the petitioner who was lawfully admitted into the United States on a visa, applied for asylum, stayed in this country after the visa expired, and was not promptly re-detained based on the expiration of that status had the same protected liberty interest in his continued release as those who were previously detained and released from immigration custody. Similarly here, petitioner's visa expired on April 12, 2021, and respondents did not seek to detain him for over five years after his lawful status had expired, thus providing him with a protected liberty interest in his continued release. Additionally, for the same reasons stated in *Kalkan*, the court finds that the appropriate remedy here is to order petitioner's immediate release from immigration custody.

For the reasons stated above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

/////

2

    a.    Respondents are ORDERED to immediately release petitioner Rosedeep Manhas, A-File No. 220-406-119, from respondents' custody;

    b.    Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a);

2.    Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting his petition for writ of *habeas corpus* on the merits;

3.    The Clerk of the Court is directed to serve the Central Valley Annex detention facility with a copy of this order; and

4.    The Clerk of the Court is also directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **May 27, 2026**

    DALE A. DROZD
    UNITED STATES DISTRICT JUDGE

3